Gloria SKAGGS, n/k/a Gloria Pope, Appellant,

v.

AETNA LIFE INSURANCE COMPANY, Respondent.

No. 65196.

Missouri Court of Appeals, Eastern District, Division One.

July 19, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 22, 1994.

Application to Transfer Denied Oct. 25, 1994.

Timothy Hill Battern, St. Louis, for appellant.

Joseph H. Mueller, Gregory T. Mueller, St. Louis, for respondent.

CRIST, Judge.

Aetna Life Insurance Company (Aetna) issued an accidental death insurance policy to Gloria and James W. Skaggs which provided the mortgage on their home would be paid upon the accidental death of James Skaggs (Decedent). This policy further provided: "No benefit will be paid for loss of life resulting from an injury caused, to any extent, by ... suicide or a suicide attempt." The Certificate of Insurance also stated: "No benefit will be paid for loss of life resulting from an injury caused, to any extent, by ... suicide or any attempt thereat while sane."

■ Both parties concede Decedent committed suicide on March 19, 1990. Under Missouri law, the taking of one's life while sane is not an accident; however, committing suicide while insane is considered an accident. *See, Varley v. General American Life Ins. Co.*, 664 S.W.2d 682, 683[1] (Mo.App. 1984). Aetna refused to pay any benefits under the policy, alleging Decedent was sane at the time he committed suicide. Skaggs filed suit alleging Aetna was liable under the insurance contract because Decedent was insane at the time he committed suicide.

In response, Aetna filed a Motion for Summary Judgment alleging it was entitled to judgment as a matter of law because there was no genuine dispute that Decedent was sane at the time he committed suicide. Aetna attached copies of excerpts from the depositions of Ernest Richardson, Debbie Richardson, Darryl McKisson, Gloria Skaggs, Jennifer Skaggs and Fred Trueblood. Skaggs filed a response to Aetna's Motion for Summary Judgment arguing a genuine issue of material fact did exist as to Decedent's sanity at the time he committed suicide. She attached an Affidavit stating she was the sole person maintaining regular contact with the Decedent during the month immediately preceding his death, and it was her opinion Decedent was insane at the time he committed suicide. In this Affidavit, Skaggs stated her opinion was based, in part, upon her observations that: (1) Decedent was unable to get over his mother's death; (2) Decedent suffered a head injury in a motor vehicle accident about a month before his death and was still receiving medical treatment at the time of his death; (3) Decedent also suffered from severe headaches following this accident; (4) Decedent had suffered from depression ever since his mother's death, and his depression had increased after his accident; and (5) Decedent's consumption of alcoholic beverages also increased after his mother's death, and he began drinking even more heavily after the motor vehicle accident.

On November 3, 1993, the trial court granted summary judgment in favor of Aetna. Skaggs now appeals alleging the trial court erred in granting summary judgment because a genuine issue of fact exists with respect to Decedent's sanity.

■ The purpose of summary judgment is to allow the trial court to render a decision without delay where the moving party has demonstrated, on the basis of facts not genuinely disputed, an entitlement to judgment as a matter of law. Rule 74.04. A "genuine issue" of fact exists where the record contains competent evidence supporting two plausible, but contradictory, accounts of essential facts. *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 382[18] (Mo banc 1993).

In *ITT Commercial*, the Missouri Supreme Court set forth the standard of review for appeals from a summary judgment by stating:

When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgments are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, the appellate court need not defer to the trial court's order granting summary judgment. (Authorities omitted).

*Id.* at 376[1–6].

Skaggs alleges a genuine issue of material fact exists because she sets forth facts inconsistent with Decedent's sanity in her affidavit, and these facts form a sufficient basis for her lay opinion that Decedent was insane.

In her affidavit, Skaggs stated her opinion was "that the decedent at the time of his death was insane." Skaggs outlined numerous personal observations to support her opinion including her observations that Decedent suffered from depression, was unable to recover from the death of his mother, and suffered from severe headaches and a drinking problem.

■ A lay witness is permitted to give an opinion as to a person's sanity where the witness relates facts upon which the opinion is based which are inconsistent with sanity. *Varley*, 664 S.W.2d at 683[2]; *See also, Vienhage v. Carter*, 680 S.W.2d 749, 752[4] (Mo. App.1984). The facts which form the basis of the opinion must go beyond mere sickness, old age, peculiarities, or eccentricities. *Id* at 683[3]. In determining whether certain "facts" are inconsistent with sanity, the trial court looks at whether the person alleged to be insane displays psychotic behavior that is easily discernable by a lay person. *Id.* at 684. However, in reviewing the trial court's order granting summary judgment, we must view the evidence and all reasonable inferences in the light most favorable to Skaggs. *See, Martin v. City of Washington*, 848 S.W.2d 487, 489[3] (Mo. banc 1993). Viewed in this light, we are unable to say, as a matter of law, the facts alleged in Skaggs affidavit fail to raise a genuine issue as to Decedent's sanity.

■ Further, although the fact Decedent committed suicide alone is insufficient to support an inference of insanity, it may be considered along with the other evidence on the subject. *Garmon v. General American Life Ins. Co.*, 624 S.W.2d 42, 44[1] (Mo.App.1981).

We find a genuine issue of material fact exists as to whether Decedent was sane at the time he committed suicide. Therefore, the trial court's order granting summary judgment in favor of Aetna is reversed and the case is remanded for a trial on the merits.

CRANDALL, P.J., and REINHARD, J., concur.